DECISION AND JOURNAL ENTRY
Plaintiff-Appellant, Christopher D. Messenger, has appealed from a judgment of the Summit County Common Pleas Court that granted summary judgment to Defendant-Appellees, City of Norton, Terry Jones, J. Gregory Carris, Dawson Wise and Gerald Fields. This Court affirms.
 I.
At all times in this suit, Appellee Jones was the Mayor of the City of Norton, Appellee Carris was the Acting Chief of the City of Norton Police Department, and Appellees Wise and Fields were detectives employed by the City of Norton Police Department.
On October 5, 1993, Jacquelyn Rohacek filed a complaint in the Summit County Juvenile Court, alleging that Appellant raped her. Both Appellant and Rohacek voluntarily submitted to a polygraph test. Appellant waived his juvenile rights, and the matter was referred to the Summit County Prosecutor's office. Shortly thereafter, the results from Rohacek's polygraph revealed inconsistencies, while the results from Appellant's polygraph indicated that his story was consistent. The results were sent to Appellees Wise and Fields, who had investigated the initial compliant, filed by Rohacek. Both parties acknowledge that the two polygraph results were not sent along with the remainder of the investigation file. The prosecutor presented the case to grand jury, which indicted Appellant on the rape allegation. The case was tried before a jury on April 8, 1994. After the first day of the trial, the prosecutor dismissed the case with prejudice. The results of the polygraph were not sent to the prosecutor until after the case was dismissed.
On April 12, 1995, Appellant filed a complaint against Rohacek, Appellees City of Norton, Jones, Carris, Wise and Fields.[1] Appellant's complaint alleged that his constitutional rights were violated pursuant to 42 U.S.C. § 1983
and state claims of intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, and false arrest/false imprisonment. On May 10, 1995, the case was removed to the U.S. District Northern Court, Eastern Division. The District Court dismissed Appellant's federal claims under 42 U.S.C. § 1982 for malicious prosecution, unreasonable search and seizure, deprivation of liberty, and failure to train the officers with prejudice and dismissed Appellant's state claims without prejudice.[2]Messenger v. Rohacek (Feb. 18, 1997), N.D. Ohio No. 5:95 CV 1037, unreported. The District Court determined that Appellees' refusal to rely on or utilize the polygraph results in deciding whether to proceed with the case was not malicious, given the fact that the reliability of the polygraph tests had not been established. Id.
at 5. The Court further held that
 an officer's refusal to base the decision to prosecute on the results of polygraph tests does not create a constitutional violation. * * * To the extent that [Appellees] deprived [Appellant] of his liberty, the existence of Rohacek's polygraph results does not establish a constitutional violation. * * * [T]he eventual dismissal of the claims against [Appellant] does not establish that there was no point at which the prosecution of [Appellant] was justifiable.
 Id. Once the matter returned to the Summit County Common Pleas Court, Appellees City of Norton, Jones, Carris, Wise and Fields filed a motion for summary judgment, asserting sovereign immunity. The trial court granted the motion on March 4, 1999.[3] Appellant timely appealed, asserting one assignment of error.
 II. It was error for the court of common pleas for Summit County, (sic) to grant [Appellees'] motion for summary judgment on the sole ground that they were entitled to "sovereign" immunity.
As an initial matter, this Court sua sponte raises the issue of whether the doctrine of collateral estoppel is applicable because of the decision of the District Court. The doctrine of collateral estoppel precludes a party from relitigating an issue of fact or law when the following elements are met:
 (1) The party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the prior suit.
McIntosh v. Roadway Express, Inc. (1994), 94 Ohio App.3d 195,199, citing Hicks v. De La Cruz (1977), 52 Ohio St.2d 71,74-75. "Accordingly, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may affect the outcome of the second suit." Id.
The main issue raised in the District Court was whether Appellees sought to maliciously prosecute Appellant. This issue was decided against Appellant through the sustaining of Appellees' motion to dismiss. This same issue of malice is an essential element of Appellant's state claim against immunity under R.C. 2744. Thus, Appellant's claim is barred by the doctrine of collateral estoppel.
 III.
Appellant's assignment of error is overruled. The judgment of the trial court granting summary judgment in favor of Appellees City of Norton, Jones, Carris, Wise and Fields is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT, BATCHELDER, P.J., BAIRD, J., CONCUR.
[1] Rohacek is not a party in this appeal.
[2] Having granted Appellees' motion to dismiss Appellant's federal claims, the District Court entered judgment for Appellees on February 18, 1997.
[3] On May 29, 1999, the trial court issued an order granting summary judgment that stated there was no just cause for delay.